**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DENISE WILKENS,<br><br>Plaintiff,<br><br>v.<br><br>VALUEHEALTH, LLC and<br>BENEFIT MANAGEMENT, LLC,<br><br>Defendants. | ) | Case No.: 19-1193-EFM-KGG |

## MEMORANDUM & ORDER ON MOTION TO STAY

Now before the Court is the Motion to Stay Discovery (Doc. 51) filed by Defendants. Having reviewed the submissions of the parties, Defendants' motion is **GRANTED in part** and **DENIED in part** as more fully set forth below. Defendants' newly filed Motion to Extend Time to Serve Responses to Discovery (Doc. 55) is also **GRANTED in part** and **DENIED in part**.[1]

## FACTUAL BACKGROUND

Plaintiff alleges violations of the Equal Pay Act, 29 U.S.C. § 206, *et. seq*. based on her employment in Great Bend, Kansas. (*See generally* Doc. 1.) Plaintiff

[1] The Court notes that Plaintiff has not had an opportunity to respond to Defendants' most recent motion (Doc. 55). That stated, given the Court's decision herein as to the initial motion (Do. 51), which is now fully briefed, additional briefing as to the new motion will not be necessary or beneficial to the Court.

alleges that male employees holding similar job titles were paid more than she was and had access to benefits exceeding those offered to her. (*Id.*, at 2.) She contends that she eventually resigned her position "and took a lesser-paying job because of the unequal pay and retaliation she suffered from Defendants." (*Id.*, at 3.)

The Scheduling Order in this case was amended on March 20, 2020, setting a new discovery deadline for May 26, 2020. (Doc. 46.) The other deadlines in the case, including the Pretrial Conference and dispositive motion deadline were extended accordingly. (*Id.*) Citing the Amended Scheduling Order, Plaintiff contends that the Court and parties "agreed to extend discovery, including three depositions scheduled later that month, for a delay of 30 days to 'see where we are.'[2]" (Doc. 54, at 1 (citing Doc. 46).)

Defendant brings the present motion "request[ing] the Court to stay all discovery and other deadlines for a period of 120 days, effectively upon the Court's order, due to the challenges Defendants are facing during the global COVID-19 pandemic, requiring significant time and resources." (Doc. 51, at 1.) Defendants point out that they "manage and operate ambulatory surgical centers and surgical hospitals throughout the United States," including approximately 70 medical facilities in 18 different states, which they contend complicates their

[2] Although Plaintiff places this phrase in quotation marks while citing the Amended Scheduling Order, that language does not appear anywhere in the document cited. (*See generally* Doc. 46.)

ability to comply with the current deadlines. (*Id*., at 1-2.) Defendants also argue that the requested stay is justified because they prefer to "prepare and defend their witness depositions in person, rather than remotely." (*Id*., at 4.) Notably, the Defendants request a "stay" of discovery for 120 days, not an extension of deadlines by that amount. This would require setting a new schedule re-setting all deadlines and hearings at the conclusion of the stay, resulting in a delay in this case, by the Court's estimate of at least six months.

Plaintiff responds that Defendants' stated reasons are "inadequate" and that they have asked for "too much time considering that discovery in this case is almost finished" and dispositive motions are due in June. (Doc. 54, at 1-2.) Given that discovery and depositions remain outstanding, Plaintiff does not, unfortunately, offer any type of compromise solution.

## ANALYSIS

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the

most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983).

The Court finds that Defendants' general claims about stress on some of its companies related to COVID-19 are not sufficiently focused on the remaining tasks in this case to justify the relief requested. Further, in this current circumstance, the Court does not find the requested 120-day delay to be justified merely because a party prefers not to have depositions (or deposition preparation) conducted by video conference. Video or teleconference depositions and preparation are the "new normal" and most likely will be for some time. Litigation cannot just come to an indefinite halt.

As such, the Court denies Defendants' motion for a stay. However, it is clear enough that some extension of deadlines will be required. The Court will issue an Amended Scheduling Order extending all unexpired deadlines 90 days and setting a new Pretrial Conference and Dispositive Motion deadline about 90 days from the current dates. The new discovery deadline will be August 28, 2020. Defendants are granted until June 19, 2020, to serve responses to discovery.

**IT IS THEREFORE ORDERED** that the City Defendants' Motion to Stay Discovery (Doc. 51) and Motion to Extend Time to Serve Responses to Discovery

(Doc. 55) are **GRANTED in part** and **DENIED in part** as more fully set forth above.

IT IS SO ORDERED.

Dated this 14th day of May, 2020, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE